## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **EDMUND DISTEFANO**, an individual, | **CIVIL ACTION** |
| Plaintiff, | |
| v. | **Case No.  2:21-cv-152** |
| **ESTERO COUNTRY CLUB, INC.**, a Florida corporation, | **Judge:** |
| Defendant. | **Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **EDMUND DISTEFANO** ("DISTEFANO" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1.     This is an action brought under the Age Discrimination in Employment Act (ADEA), the Florida Civil Rights Act (FCRA) and Florida common law for (1) age discrimination in violation of the ADEA, (2) age discrimination in violation of the FCRA, (3) retaliation violation of the ADEA, and (4) retaliation in violation of the FCRA.

1

## PARTIES

2.    The Plaintiff, **EDMUND DISTEFANO** ("**DISTEFANO**") is an individual and a resident of Florida who at all material times was employed by the Defendant.

3.    Defendant, **ESTERO COUNTRY CLUB, INC.** ("Defendant") is a Florida corporation with a principal place of business located in Estero, Florida, and employed **DISTEFANO** at that location.

4.    At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.    This Court has supplemental jurisdiction over **DISTEFANO**'s state law claims pursuant to 28 U.S.C. §1367.

7.    Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

8.    **DISTEFANO** timely files the instant action pursuant to 29 U.S.C. Section 626(d), which permits a plaintiff to file claims under the ADEA without

having received a Notice of Right to Sue from the EEOC. **DISTEFANO** timely filed his Charge of Discrimination against the Defendant on or about December 22, 2020.

## <u>GENERAL ALLEGATIONS</u>

9.   **DISTEFANO** began his employment with the Defendant on August 15, 2020 and was employed as a part-time golf professional.

10.   **DISTEFANO** was born in 1965 and thus was well over the age of 40 at the time of his termination by the Defendant.

11.   **DISTEFANO** always performed his assigned duties in a professional manner and was very well qualified for his position.

12.   **DISTEFANO** always met and exceeded performance and productivity goals, and received very good to excellent performance reviews.

13.   Beginning in September 2020, **DISTEFANO** began to be subjected to discrimination based upon his age.

14.   Specifically, after **DISTEFANO** applied for a full-time golf professional position for which he was more than qualified for, the Defendant directly stated that **DISTEFANO** was not hired for that position because it wanted a younger employee.

15.   After **DISTEFANO** complained about the same, he was promptly terminated.

16.     The Defendant then replaced **DISTEFANO** with a less-qualified person much younger than him.

17.     **DISTEFANO** was not the subject of any discipline at the time he objected to the Defendant's age discrimination.

18.     At all material times, the Defendant was aware of **DISTEFANO**'s age and objections to age discrimination, which are the bases for its discriminatory employment practices toward him.

## COUNT I – VIOLATION OF THE ADEA

19.     Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

20.     **DISTEFANO** was an employee and the Defendant was his employer covered by and within the meaning of the ADEA.

21.     **DISTEFANO** is a member of the protected age class (over the age of 40).

22.     **DISTEFANO** was well qualified for the positions he held with the Defendant.

23.     Despite his qualifications, **DISTEFANO** has suffered adverse employment action in the form of termination.

24.     A younger person with inferior qualifications and performance replaced **DISTEFANO**.

25.    The Defendant sought applicants for the same position that **DISTEFANO** held who were outside of **DISTEFANO**'s protected class.

26.    The Defendant has discriminated against **DISTEFANO** in the terms and conditions of his employment on the basis of his age, in violation of ADEA.

27.    The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating **DISTEFANO** because of his age.

28.    The Defendant's violations of the law were knowing and willful.

29.    A causal connection exists between **DISTEFANO**'s age and his termination.

30.    As a result of the above-described violations of the ADEA, **DISTEFANO** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

31.    **DISTEFANO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.    Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Liquidated damages, and;

viii.   Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- AGE DISCRIMINATION

32.   Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

33.   **DISTEFANO** was an employee and the Defendant was his employer covered by and within the meaning of the FCRA.

34.   **DISTEFANO** is a member of the protected age class (over the age of 40).

35.   **DISTEFANO** was well qualified for the positions he held with the Defendant.

36.   Despite his qualifications, **DISTEFANO** has suffered adverse employment action in the form of termination.

37.   A younger person with inferior qualifications and performance replaced **DISTEFANO**.

38.   The Defendant sought applicants for the same positions that **DISTEFANO** held who were outside of **DISTEFANO**'s protected class.

39.   The Defendant has discriminated against **DISTEFANO** in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

40.   The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating **DISTEFANO** because of his age.

41.   The Defendant's violations of the law were knowing and willful.

42.   A causal connection exists between **DISTEFANO**'s age and his termination.

43.   As a result of the above-described violations of the FCRA, **DISTEFANO** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

44.   **DISTEFANO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing the Defendant to cease and desist from all age discrimination of all employees;

ii.   Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii.   Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv.   Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi.   Reasonable attorney's fees plus costs;

vii.   Compensatory damages;

viii.   Punitive damages, and;

ix.   Such other relief as this Court shall deem appropriate.

## <u>COUNT III – VIOLATION OF THE ADEA- RETALIATION</u>

45.     Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

46.     Following **DISTEFANO**'s objection to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment by terminating **DISTEFANO**.

47.     **DISTEFANO**'s objection to age discrimination constitute a protected activity because such requests were in furtherance of rights secured to him by law.

48.     Said protected activity was the proximate cause of the Defendant's negative employment actions against **DISTEFANO** including changed working conditions, discipline, and ultimately termination.

49.     Instead of ceasing its disparate treatment based upon age, the Defendant retaliated against **DISTEFANO** via changed working conditions, discipline, and termination.

50.     The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADEA.

51.      As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, **DISTEFANO** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

52.     As a direct and proximate result of the violations of the ADEA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **DISTEFANO** is entitled to all relief necessary to make him whole as provided for under the ADEA.

53.     As a direct and proximate result of the Defendant's actions, **DISTEFANO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

54.     **DISTEFANO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.      Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.     Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

    iii.    Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

    iv.    Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

    v.    Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

    vi.    Reasonable attorney's fees plus costs;

    vii.    Liquidated damages, and;

    viii.    Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992-RETALIATION

55.    Plaintiff incorporates by reference Paragraphs 1-18 of this Complaint as though fully set forth below.

56.    Following **DISTEFANO**'s objection to age discrimination, the Defendant retaliated by altering the terms and conditions of his employment by terminating **DISTEFANO**.

57.    **DISTEFANO**'s objection to age discrimination constitute a protected activity because such requests were in furtherance of rights secured to him by law.

58.    Said protected activity was the proximate cause of the Defendant's negative employment actions against **DISTEFANO** including changed working conditions, discipline, and ultimately termination.

11

59.    Instead of ceasing its disparate treatment based upon age, the Defendant retaliated against **DISTEFANO** via changed working conditions, discipline, and termination.

60.    The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

61.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **DISTEFANO** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path.

62.    As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **DISTEFANO** is entitled to all relief necessary to make him whole as provided for under the FCRA.

63.    As a direct and proximate result of the Defendant's actions, **DISTEFANO** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

64.    **DISTEFANO** has exhausted his administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i.   Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii.  Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had he maintained his position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv.  Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v.   Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi.  Reasonable attorney's fees plus costs;

vii. Compensatory damages;

viii. Punitive damages, and;

ix.  Such other relief as this Court shall deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United

States, the Plaintiff demands a trial by jury as to all issues triable as of right.


Respectfully submitted,


Dated: February 24, 2021       /s/ Benjamin H. Yormak
                               Benjamin H. Yormak
                               Florida Bar Number 71272
                               Trial Counsel for Plaintiff
                               Yormak Employment & Disability Law
                               9990 Coconut Road
                               Bonita Springs, Florida 34135
                               Telephone: (239) 985-9691
                               Fax: (239) 288-2534
                               Email: byormak@yormaklaw.com